MDR

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Ngo Van Quan,<br><br>    Petitioner,<br><br>v.<br><br>Estepa, et al.,<br><br>    Respondents. | No. CV-25-02407-PHX-DJH (JFM)<br><br>**ORDER** |

      Self-represented Petitioner Ngo Van Quan (A028016551), who is confined in the Florence Correctional Center, filed a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 and a Motion for Appointment of Counsel. In a July 30, 2025 Order, the Court denied without prejudice the Motion for Appointment of Counsel, noted Petitioner had not paid the filing fee or sought to proceed in forma pauperis, and gave Petitioner an opportunity to remedy this deficiency. Petitioner subsequently paid the filing fee. The Court will require Respondents Estepa and M. Martinez to answer the Petition and will dismiss the remaining Respondents.

**I.    Petition**

      In his Petition, Petitioner names as Respondents Estepa, M. Martinez, Immigration and Customs Enforcement (ICE), Enforcement Removal Operations (ERO), and the Department of Homeland Security (DHS). Petitioner contends he came to the United States as a refugee from Vietnam in 1988. He alleges an Immigration Judge ordered him removed from the United States in May 2005, and he did not appeal that decision.

Petitioner claims he was detained by ICE on March 31, 2025; he has remained in custody since then; he received a Decision to Continue Detention on June 29, 2025; and there is "[g]ood reason to believe [his] removal is not significantly likely to occur in the reasonably foreseeable future." Petitioner raises three grounds for relief:

(1)  Petitioner contends he is entitled to relief under *Zadvydas v. Davis*, 533 U.S. 678 (2001), because he received a final order of removal 20 years ago and is "still detained and waiting for [his] removal."

(2)  Petitioner raises a claim under "Article 1 General Provisions," asserting that "[i]n the case of a citizen of Vietnam who immigrated to the United States from a third country where that person has a permanent residence and who has been ordered removed from the United States," the United States "will seek to return that person to the third country or consider allowing that person to stay in the U.S. before requesting removal to Vietnam."

(3)  Petitioner asserts there is an agreement between the United States and Vietnam regarding the "acceptance of the return of Vietnamese citizens," and "ICE's policy is that pre-1995 immigrant[s] are generally unlikely to be deported and should be released within 90 days of receiving a deportation order."

The Court will require Respondents Estepa and Martinez to answer the Petition. The Court will dismiss Respondents ICE, ERO, and DHS because a petitioner for habeas relief must name the *official* having custody of him as a respondent to the petition. *See Smith v. Idaho*, 392 F.3d 350, 354 (9th Cir. 2004) (citing *Stanley v. Calif. Sup. Ct.*, 21 F.3d 359, 360 (9th Cir. 1994)) (emphasis added).

**II.    Warnings**

**A.    Address Changes**

Petitioner must file and serve a notice of a change of address in accordance with Rule 83.3(d) of the Local Rules of Civil Procedure. Petitioner must not include a motion for other relief with a notice of change of address. Failure to comply may result in dismissal of this action.

**B.     Copies**

Petitioner must serve Respondents Estepa and Martinez, or counsel if an appearance has been entered, a copy of every document he files. Fed. R. Civ. P. 5(a). Each filing must include a certificate stating that a copy of the filing was served. Fed. R. Civ. P. 5(d). Also, Petitioner must submit an additional copy of every filing for use by the Court. LRCiv 5.4. Failure to comply may result in the filing being stricken without further notice to Petitioner.

**C.     Possible Dismissal**

If Petitioner fails to timely comply with every provision of this Order, including these warnings, the Court may dismiss this action without further notice. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (a district court may dismiss an action for failure to comply with any order of the Court).

**IT IS ORDERED:**

(1)     Respondents Immigration and Customs Enforcement, Enforcement Removal Operations (ERO) and Department of Homeland Security are **dismissed**.

(2)     The Clerk of Court must serve a copy of the Summons, the Petition (Doc. 1) and this Order upon the United States Attorney for the District of Arizona by certified mail addressed to the civil process clerk at the office of the United States Attorney pursuant to Rule 4(i)(1)(A) of the Federal Rules of Civil Procedure. The Clerk of Court must also send by certified mail a copy of the Summons, the Petition, and this Order to the United States Attorney General pursuant to Rule 4(i)(1)(B) and to Respondents Estepa and Martinez pursuant to Rule 4(i)(2) of the Federal Rules of Civil Procedure.

(3)     Respondents Estepa and Martinez must answer the Petition within 20 days of the date of service. Respondents shall not file a dispositive motion in place of an answer without first showing cause as to why an answer is inadequate.

(4)     Regarding courtesy copies of documents for chambers, Respondents are directed to review Section II(D) of the Court's Electronic Case Filing Administrative Policies and Procedures Manual, which requires that "a courtesy copy of the filing, referencing the specific document number, shall be printed directly from CM/ECF."

CM/ECF Admin. Man. § II(D)(3) (emphasis added).  *See* http://www.azd.uscourts.gov/sites/default/files/documents/adm%20manual.pdf.

(5) Petitioner may file a reply within 30 days from the date of service of the answer.

(6) This matter is referred to Magistrate Judge James F. Metcalf pursuant to Rules 72.1 and 72.2 of the Local Rules of Civil Procedure for further proceedings and a report and recommendation.

Dated this 10th day of September, 2025.

Honorable Diane J. Humetewa
United States District Judge